IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>SHEILA MAYNE<br>aka SHEILA ANN MAYNE<br>aka SHEILA A. MAYNE<br>                              Debtor<br>SHEILA MAYNE<br>                              Objector<br>       v.<br>ECAST SETTLEMENT CORPORATION<br>Assignee of Citibank, N.A.<br><br>AMERICAN EXPRESS CENTURION<br>BANK<br>                             Respondents | Chapter       13<br><br>Case Number:    5-14-bk-05224-JJT<br><br>**Document Nos.:   30, 34**<br><br>Nature of<br>Proceeding:   Debtor's Objection to Amended Claim Number 5 of eCAST Settlement Corp. and Claim Number 4 of American Express Centurion Bank |

# **OPINION**[1]

Before the Court are two separate objections by the Debtor to proofs of claim filed by eCAST Settlement Corporation, assignee of Citibank, N.A., (hereinafter "eCAST") (Claim 5-3)[2] and American Express Centurion Bank (hereinafter "American Express") (Claim 4-2). The Debtor argues that both claims do not comply with the requirements of Federal Rule of Bankruptcy Procedure 3001 and that each claim is unenforceable against the Debtor under 11 U.S.C. § 502 (b)(1).

Before proceeding to address the specific issues raised by both objections, I note that several times during the course of the hearing, I indicated that the Court would look at Federal

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk

[2] Amended Claim 5-3 was filed subsequent to the objection by the Debtor to Amended Claim 5-2. Nonetheless, the parties agreed at the hearing that the objections to Claim 5-2 would essentially be the same that would be registered to Amended Claim 5-3.

Rule of Bankruptcy Procedure 3001 and make a determination if the claims complied with the requirements of that Rule therefore constituting *prima facie* evidence of the validity and the amount of the claims under 3001(f). Audio Record of July 7, 2015 at 3:12:50, 3:14:10; 3:15:50 and 3:43:30. I noted that once the requirements of Rule 3001 were met, that did not preclude further litigation on the standing of both creditors to file the proofs of claim and other issues raised in the objections. I took judicial notice of the proofs of claim, schedules, and other documents submitted in the record. The Debtor offered no evidence at the time of trial to support her objections to the proofs of claim.

A proof of claim for an open-end or revolving consumer credit agreement must meet the requirements of Rule 3001(c)(3)(A)(i through v), which provides as follows:

> (c) Supporting Information.
>   (3) Claim Based on an Open-End or Revolving Consumer Credit Agreement.
>     (A) When a claim is based on an open-end or revolving consumer credit agreement — except one for which a security interest is claimed in the debtor's real property — a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
>       (i) the name of the entity from whom the creditor purchased the account;
>       (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
>       (iii) the date of an account holder's last transaction;
>       (iv) the date of the last payment on the account; and
>       (v) the date on which the account was charged to profit and loss.

Additionally, the proof of claim must meet the requirements of Rule 3001(c)(2)(A). *In re Crutchfield*, 492 B.R. 60, 73 (Bankr.M.D.Ga. 2013). This Rule reads as follows:

> (c) Supporting Information.
>   (2) Additional Requirements in an Individual Debtor Case; . . .
>     (A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

A review of the proof of claim (Official Form 10) filed by eCAST, together with the case information attached as page 3 of the proof of claim, and a Bill of Sale and Assignment between Citibank, N.A. and eCAST, at page 4 of the proof of claim, satisfies the requirements of Rule 3001. I, therefore, hold that the filing is *prima facie* evidence of the validity and the amount of the claim filed by eCAST.

The same finding is made as to the proof of claim filed by American Express. Official Form 10, together with the information provided on page 61 of the claim, satisfies the requirements of Rule 3001 and, therefore, is *prima facie* evidence of the validity and the amount of its claim.

With a finding that the proofs of claim are *prima facie* evidence of the validity and the amount of each claim, the objecting party has the burden of going forward and introducing evidence to rebut the presumption of validity. See 9 Collier on Bankruptcy ¶ 3001.09[2] at 3001-33 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

The Debtor's objections to both claims were based upon 11 U.S.C. § 502(b)(1)(Allowance of claims or interests). That Section reads as follows:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>    (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

More specifically, the Debtor's argument has two prongs. First, Debtor argues that both creditors do not have legal standing to file the claims, and secondly, neither has an enforceable

[K:\Cathy\Opinions-Orders filed 2015\5-14-bk-05224-JJT_Mayne.pdf]                    3

Case 5:14-bk-05224-JJT    Doc 55    Filed 10/26/15    Entered 10/26/15 12:09:20    Desc
                         Main Document        Page 3 of 6

claim against the Debtor under Pennsylvania law in that the claims must have attached a cardholder agreement, a complete statement of account, as well as evidence of any assignment to establish the claim.

First, counsel for the Debtor argued lack of standing based on a bold allegation that Debtor does not agree that she owed money to the claimants. Without evidentiary support, that defense cannot override the *prima facie* validity of the claim.

In support of its second argument, the Debtor cites *Atlantic Credit Finance, Inc. vs. Giuliana*, 829 A.2d 340, 345 (Pa.Super. 2003). Ruling on several preliminary objections to the underlying complaint, the Giuliana Court cited to Rule 1019(i) of the Pennsylvania Rules of Civil Procedure which requires that where a "claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part there of, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing." Relying on that State Court Rule, the Court granted the preliminary objection and found that the failure to attach a cardholder agreement and statement of account as well as evidence of an assignment established a meritorious defense.[3] The Court remanded the case to the trial court to sustain the preliminary objections and strike the complaint without prejudice to having the complaint refiled. The *Giuliana* case as well as *Worldwide Asset Purchasing, LLC vs. Stern*, 153 Pitts.Leg.J. 111 (Allegheny Co. 2004), also cited by the debtor, both dealt with preliminary objections and the pleading requirements of Pennsylvania Rule of

---

[3] The claimants do not need to attach the original credit agreement to their respective claims. Furthermore, the debtor did not take advantage of Rule 3001(c)(3)(B) by making a written request to the claimants for the agreements upon which the claims are based. See 9 Collier on Bankruptcy ¶ 3001.01[3] at 3001-9 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

Civil Procedure 1019(i). This Court views the pleading requirements of the above-referenced Pennsylvania Rule and the requirements of Federal Rule of Bankruptcy Procedure 3001 similarly. The pleading requirements, however, do not rise to the level of determining whether or not the claimant has a claim unenforceable against the Debtor.[4] It is for this reason, that the substantive objection by the Debtor in this case under § 502(b)(1) fails. Pleading requirements in Pennsylvania have no impact on this Court's decision on objections to claim under § 502 of the Bankruptcy Code.

Collier on Bankruptcy further instructs that if a claim meets that standard (Rule 3001), it is *prima facie* valid notwithstanding suspicions aroused by the claims face. 9 Collier on Bankruptcy ¶ 3001.09 at 3001-32-33 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). The Debtor has brought to the Court's attention certain discrepancies presented by both proofs of claim. First, both proofs of claim reflect account statements with payments to be made to banks that have a different name than on the cover sheet of Form 10 filed by both claimants. Secondly, in the case of American Express, the proof of claim on the cover sheet has a different ending four-digit account number than on the statements attached to the proof of claim. Furthermore, Debtor's schedules reflect yet a third account number with a creditor named American Express.

Having found, however, that the proofs of claim complied with the requirements of Rule 3001 and, therefore, presented *prima facie* evidence of the validity and amount of the debt, the burden shifted to the Debtor to refute the claim. *In re Allegheny Int'l, Inc.* 954 F.2d 167, 173 (3rd Cir. 1992). *In re Umstead*, 490 B.R. 186 (Bankr.E.D.Pa. 2013). Of importance to my resolution

---

[4] Likewise, "[t]he failure to comply with Rule 3001(c), and the absence of *prima facie* evidentiary status under Rule 3001(f) is not, by itself, grounds for disallowance of a claim." *In Re Umstead*, 490 B.R. 186, 194 (E.D.Pa. 2013), citing *In re O'Brien*, 440 B.R. 654 (Bank.E.D.Pa. 2010).

is that the Debtor did not produce any evidence at all at the time of hearing on the objections.

It is for all the foregoing reasons that the Court will overrule Debtor's objections to both proofs of claim.

My Order will follow.

By the Court,

*John J. Thomas*

Date: October 26, 2015

John J. Thomas, Bankruptcy Judge

(CMS)