IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| SHEILA MAYNE, | : | BANKRUPTCY NO.: 5-14-bk-05224-JJT |
| DEBTOR | : | |
| SHEILA MAYNE | : | {**Nature of Proceeding**: Debtor's Motion for Reconsideration of Order Overruling Debtor's Objections to Amended Claim #5 of eCast Settlement Corporation and Amended Claim #4 of American Express Centurion Bank and Allowing the Claims (Doc. #59)} |
| OBJECTOR | : | |
| vs. | : | |
| ECAST SETTLEMENT CORPORATION Assignee of Citibank, N.A. AMERICAN EXPRESS CENTURION BANK | : | |
| CLAIMANTS | : | |

# OPINION[1]

By an Opinion and Order both dated October 26, 2015, the Court denied Debtor's objections to the claims filed by eCast Settlement Corporation, assignee of Citibank, N.A., (hereinafter "eCast") (Claim No. 5), and American Express Centurion Bank (Claim No. 4). The Debtor's objections were that, in the first instance, neither creditor had standing to file their proofs of claim in this case. Those objections were overruled because after finding both claims had met the prima facie evidence of the validity and the amount of the claims, the objecting party, the Debtor, provided no evidentiary support for her objections. The second prong of the objections was that under Pennsylvania state law, namely *Atlantic Credit Finance, Inc. vs. Giuliana*, 829 A.2d 340, 345 (Pa.Super. 2003), the credit card holder must produce a card holder

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

agreement, statements of account, and evidence of assignment in order for a credit card claimant to sustain its burden of proof when met with an objection to the claims. I rejected the objection based on the reasons set forth in the earlier Opinion.

In her Motion for Reconsideration, the Debtor, once again, challenges the standing of both creditors to file a proof of claim and this Court's determination that the filed proofs of claim met the requirements of Bankruptcy Rule 3001(c). Before proceeding to addressing those arguments, the Court, once again, rejects the Debtor's position that pursuant to *Atlantic Credit Finance, Inc. vs. Giuliana* case, a credit card holder must produce the original credit card agreement, together with statements of account and other evidence of assignment, in order to sustain its burden of proof when met with an objection to a claim. In this regard, the Court directs the parties' attention to the earlier decision of October 26, 2015 and adopts the reasoning provided therein to this portion of Debtor's Motion for Reconsideration.

The Court will now address the specific objections made by the Debtor to the claim filed by eCast. Those objections can be summarized as follows. Debtor points out that the "Case Information" attached to the amended claim filed by eCast indicates that there was a document entitled "Bill of Sale and Assignment" between Citibank, N.A., and eCast and that the sale was of accounts subject to a "Purchase and Sale Agreement dated August 25, 2014," as those accounts were described in "Exhibit 1 in the final electronic file." Further, the amended claim attached several statements with a notation that payments were to be made to "Citi Cards." Also, the amended claim did not attach an assignment or other agreement between eCast and Citi Cards or Citi Cards and Citibank, N.A. Therefore, the argument continues eCast presented no evidence that the account, which is the subject of the amended proof of claim, is one that is

actually owned by eCast. This objection fails. I have reviewed the amended proof of claim again and find that it does meet all the requirements of Federal Rule of Bankruptcy Procedure 3001(c). The Purchase and Sale Agreement and the final electronic file together with assignment or other agreement between eCast and Citi Cards or Citi Cards and Citibank, N.A., simply were not required to be filed by the claimant under Federal Rule of Bankruptcy Procedure 3001(c) to be considered prima facie evidence of the validity and amount of the claim. In fact, the filing of the Bill of Sale and Assignment was an unnecessary filing by the claimant but went a far way to help the Debtor match the claim with a scheduled debt on her schedules.

Related to this argument, the Debtor turns the Court's attention to the Debtor's schedules which she argues are evidence that eCast was not even considered by the Debtor as one of her creditors. Of course not. eCast did not purchase the accounts from Citibank, N.A. until after the filing of the petition, with said purchase being made and dated November 26, 2014. Pursuant to Federal Rule of Bankruptcy Procedure 3001(e)(1), eCast was the only claimant entitled to file that proof of claim concerning that particular debt.

Finally, the Debtor challenges the validity and the amount of the claim by indicating that, on its face, the account information is incorrect concerning the amount of interest and charges on the last statement attached to the amended claim. In essence, the Debtor challenges the amount of the claim by asserting that the interest and charges calculated by the claimant are incorrect. Again, this information on the interest and fees was gratuitous on behalf of the claimant because it was not required information to be submitted under Rule 3001(c). Regardless, I note that the Debtor presented no contradictory evidence. Additionally, the Court cannot determine how the Debtor has come to her calculation of the total charges on the account.

The Debtor makes similar objections concerning the amended proof of claim filed by American Express Centurion Bank. The Debtor argues that it is not exactly clear who the proper creditor is, namely, America Express, American Express Centurion Bank, or Beckett & Lee LLP as attorneys/agents for the creditor. There is nothing in the amended proof of claim which brings into question whether American Express Centurion Bank is the proper creditor. In fact, page 11 of the 61-page proof of claim indicates that American Express Centurion Bank is the issuer of the credit card. Again, the Debtor did not present any evidence contradicting that American Express Centurion Bank is the proper creditor to file the amended proof of claim.

Debtor also asserts the account number provided on its schedules for the American Express debt is different from the two account numbers represented on the amended proof of claim filed by American Express. The Debtor offered no explanation as to why the account number on the schedules was different than those on the amended proof of claim other than to verbally dispute, through counsel, that any money was owed on the two accounts on the amended proof of claim.

Finally, the Debtor also questions the calculation of interest and fees as represented on the Bankruptcy Information and Claim Balance Itemization attached as page 61 to the amended proof of claim. Once again, I find that the amended proof of claim meets the requirements as to the prima facie validity and amount of the claim, and the Debtor provided no contradictory evidence concerning that portion of interest and fees of the amended claim which the Debtor challenges.

Reviewing the prima facie evidentiary effect of proofs of claim, I find the following helpful.

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)). In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. *Id.; see In re Windsor Communications Group, Inc.*, 45 B.R. 770, 773 (Bankr.E.D.Pa.1985). In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *See In re WHET, Inc.*, 33 B.R. 424, 437 (Bankr.D.Mass.1983). The burden of persuasion is always on the claimant. *Holm*, 931 F.2d at 623 (quoting *Collier* § 502.02, at 502-22); *Windsor Communications*, 45 B.R. at 773.

*In re Allegheny International, Inc., et al.*, 954 F.2d 167, 173 (3rd Cir. 1992).

To reiterate, the Court finds that both proofs of claim meet the requirements for prima facie validity under Rule 3001(f). "Prima facie validity is established by substantial compliance with the spirit of the applicable rules . . . ." *In re Crutchfield*, 492 B.R. 60, 72 (Bankr. M.D.Ga. 2013) *citing In re Muller*, 479 B.R. 508, 513 (Bankr. W.D.Ark. 2012) *quoting Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 152 (8th Cir. BAP 2004). As the Court noted in the October 26, 2015 Opinion, the Debtor presented no facts intending to defeat the claims by probative force equal to the allegation of the proofs of the claims. Debtor's counsel argued that no monies were owed the claimants, but no evidence was submitted to support that argument. Furthermore, Debtor argued all the documents required to support the claim were not attached. Should the Debtor have felt compelled, she could have made a written request to the holder of either claim based upon the open-ended credit agreements and those claimants, within 30 days of any request, would have had to make a copy of the writings specified in paragraph (1)

of Federal Rule of Bankruptcy Procedure 3001 available to the Debtor. A review of the docket, the objections, the memorandum in support of the original objections, and the Motion for Reconsideration, does not indicate that the Debtor made such a request.

Debtor indicates at paragraph 7 of the Motion for Reconsideration that the evidence concerning the gravamen of her objections and the internal inconsistency of amounts in the claims themselves do not involve information in the Debtor's possession, and so the Debtor was not able to present any such evidence. Perhaps not, but as indicated by the *In re Allegheny* Court, more is required of the Debtor than a mere bald objection to a claim. The Third Circuit Court wrote, "[i]t is often said that the objector must produce evidence equal in force to the prima facie case." (Citation omitted.) *In re Allegheny International, Inc., et al.*, 954 F.2d at 173. Debtor did not provide any evidence, other than her schedules, to meet her burden to rebut the presumption of prima facie evidence of the validity and amount of the claims.

It is for the foregoing reasons that the Court will deny the Debtor's Motion for Reconsideration of this Court's earlier Order allowing the claims of both eCast and American Express.

My Order will follow.

By the Court,

Date: April 18, 2016

John J. Thomas, Bankruptcy Judge
(CMS)